UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:14-cr-237-JMS-DKL-02 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| DARIAN TERELL DOWDELL | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:14-cr-00237-JMS-DKL |
| | ) | |
| DARIAN TERRELL DOWDELL, | ) -02 | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Darian Terrell Dowdell seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons explained below, his motion is **denied**.

**I.     Background**

In 2015, after entering into a binding plea agreement, Mr. Dowdell was convicted of four counts of interference with interstate commerce by robbery, in violation of 18 U.S.C. § 1951, and one count of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). Dkt. 149. In pleading guilty, Mr. Dowdell stipulated that he participated in four armed robberies (along with others) and that firearms were brandished during those robberies. Dkt. 142.

The Court sentenced Mr. Dowdell to an aggregate sentence of 300 months of imprisonment, representing concurrent 216-month sentences for the robbery counts and a mandatory, consecutive 84-month sentence for the firearms count. Dkt. 149. The Court also imposed five years of supervised release. *Id.* Mr. Dowdell has been in custody for more than eight years, and according to the Bureau of Prisons ("BOP") website, Mr. Dowdell's anticipated release date is August 17, 2035. *See* https://www.bop.gov/inmateloc/ (last visited June 10, 2022).

2

Mr. Dowdell filed a pro se motion for compassionate release and supporting submissions. Dkts. 178, 179, 183, 185. The Court appointed counsel to represent him, but counsel withdrew. After counsel withdrew, the Court directed Mr. Dowdell to supplement his motion, and he did so. Dkt. 191. The United States responded in opposition, dkt. 193, and Mr. Dowdell filed a reply, dkt. 200. The record also includes various supplements from Mr. Dowdell and letters of support. *See, e.g.*, dkts. 197, 198, 199, 201–208, 214. Thus, his motion is now ripe for review.

## II.     Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Dowdell argues that extraordinary and compelling reasons warrant release in his case because: (1) his sentence was disproportionately high because it was based on an upward departure from his guidelines range; (2) he would like to care for his mother, whose health has deteriorated; (3) as an inmate, he faces an increased risk of contracting and dying of COVID-19, the BOP has mishandled the pandemic, and he was intentionally exposed to the COVID-19 virus; (4) he

contracted COVID-19 in December 2020 and continues to suffer from symptoms (*see, e.g.*, dkt. 207 at 2, stating that, as of October 28, 2021, he is still suffering from headaches, chills, fatigue, dizziness, and shortness of breath); and (5) he has made significant efforts toward rehabilitation, as evidenced by his completion of multiple education programs and his good behavior.[1]

Mr. Dowdell has not shown extraordinary and compelling reasons warranting release. First, a potential sentencing error is not an extraordinary and compelling reason for release under § 3582(c)(1)(A)((i). *See United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021) ("A claim of errors in the original sentencing is not itself an extraordinary and compelling reason for release."). Regardless, Mr. Dowdell's sentence was not disproportionate. He explicitly agreed to the upward departure and the 300-month (that is, 25-year) sentence in exchange for the United States' agreement not to file additional § 924(c) charges with respect to three of robberies in which he participated. Dkt. 122. Under the law as it existed at the time, if Mr. Dowdell had been charged with four § 924(c) violations, he would have faced a mandatory minimum sentence of 82 years, just for the § 924(c) charges. *See* 18 U.S.C. § 924(c)(1)(A) (eff. Oct. 6, 2006, to Dec. 20, 2018) (requiring mandatory 7-year sentence for first brandishing conviction under § 924(c) and consecutive 25-year sentences for all others).

Second, while the Court applauds Mr. Dowdell for his desire to help his mother, he has not presented any admissible evidence showing that she is incapacitated or lacks other caregivers. Regardless, many inmates have aging or elderly parents for whom they would like to care, and Mr. Dowdell's desire to help his mother is not an extraordinary and compelling reason for release, whether standing alone or in combination with any other factors.

---

[1] As stated in the Background section, Mr. Dowdell has submitted voluminous filings in connection with his compassionate release motion. This list represents all the potential arguments about extraordinary and compelling reasons warranting release that the Court has gleaned from those filings, which the Court has reviewed.

Third, to the extent Mr. Dowdell is complaining about the BOP's handling of the pandemic, the circumstances under which he was exposed to COVID-19, or the medical care he is receiving, such complaints might support a civil suit, but they are not extraordinary and compelling reasons warranting release under § 3582(c)(1)(A)(i). *See United States v. Dotson*, 849 F. App'x 598, 601 (7th Cir. 2021) ("Mistreatment or poor conditions in prison, if proved, might be grounds for relief in a civil lawsuit, but untested allegations of this nature are not grounds for a sentence reduction." (cleaned up)). As this Court has previously observed, "[e]arly release is not a remedy or reward for contracting COVID-19." *United States v. Gaskins*, No. 1:16-cr-249-JMS-MJD-03, 2021 WL 598291, at *4 (S.D. Ind. Feb. 16, 2021). As for his claim that he faces an increased risk of experiencing severe symptoms or dying if he contracts COVID-19 again, the Seventh Circuit has repeatedly affirmed that the risk an inmate faces from COVID-19 cannot be an extraordinary and compelling reason warranting release under § 3582(c)(1)(A)(i) unless the inmate shows that he cannot "receive or benefit from a vaccine." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021); *see also United States v. Clemons*, No. 21-2440, 2022 WL 1436801, at *2 (7th Cir. May 6, 2022) ("Despite the threat of new coronavirus variants, we reiterated that an inmate's risk of COVID-19 cannot justify compassionate release absent an inability to receive or benefit from a vaccine.") (cleaned up). After the United States filed a response arguing that Mr. Dowdell could not show extraordinary and compelling reasons warranting release based on COVID-19 risk because he had repeatedly declined the vaccine, Mr. Dowdell informed the Court that he decided to get vaccinated and had received the first dose of the Pfizer COVID-19 vaccine on September 15, 2021. Dkt. 206. Later, he informed the Court that he was fully vaccinated. Dkt. 207 at 6. He has not, however, provided any evidence or argument suggesting that he cannot benefit from the

COVID-19 vaccine, so he has not shown extraordinary and compelling reasons warranting relief under § 3582(c)(1)(A)(i).

Fourth, Mr. Dowdell contends that he contracted COVID-19 in December 2020 and continues to experience lingering symptoms. But there is no evidence that he is incapacitated by these symptoms or that he is unable to engage in normal daily activities because of them. Accordingly, the Court declines to find that his current health constitutes an extraordinary and compelling reason for release, alone or in combination with any other factors.

Finally, the Court applauds Mr. Dowdell's efforts at rehabilitation and his continuing good conduct, but rehabilitation alone is not an extraordinary and compelling reason for release. *See United States v. Whited*, No. 21-1644, 2022 WL 1259028, at *2 (7th Cir. Apr. 28, 2022) ("At the first stage of the analysis, the court rightly did not consider Whited's rehabilitation efforts or disciplinary record, which are not extraordinary and compelling reasons for release and are therefore more suitably addressed as part of the § 3553(a) analysis."); *see also* 28 U.S.C. § 994(t).

Because Mr. Dowdell has not shown extraordinary and compelling reasons warranting release under § 3582(c)(1)(A)(i), the Court need not consider whether the sentencing factors in § 3553(a) support release. But even if Mr. Dowdell had shown extraordinary and compelling reasons potentially warranting release under § 3582(c)(1)(A)(i), the Court would deny his motion because the § 3553(a) factors weigh against release.[2] Weighing in his favor, Mr. Dowdell has

---

[2] The § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

expressed remorse for his crimes, has engaged in extensive programming, has maintained a clear discipline record, and appears to have significant support from family and friends. But, weighing heavily against him, he committed very serious crimes. And he entered into a binding plea agreement to avoid the possibility that he would face a mandatory minimum sentence of 82 years or more. As it stands, Mr. Dowdell has not served even 10 years and is not set to be released for more than 13 years, so releasing him now would be a significant windfall. In light of these considerations, the Court finds that releasing Mr. Dowdell now would not: reflect the seriousness of the offense; promote respect for the law; or provide just punishment for the offense. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

### III.   Conclusion

For the reasons stated above, Mr. Dowdell's motion for compassionate release, dkt. [178], is **denied**. His motion to supplement, dkt. [207], is **granted** to the extent that the Court considered the information including in dkt. 207 when deciding whether to grant Mr. Dowdell compassionate release. His motion for appointment of an expert to determine whether he presents a future danger to the community, dkt. [208], is **denied** because he is not entitled to appointment of an expert and, regardless, the Court has denied his motion for compassionate release without needing to determine whether he presents a future danger to the community.

**IT IS SO ORDERED.**

Date: 6/13/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

7

Distribution:

All Electronically Registered Counsel

Darian Terrell Dowdell
Reg. No. 12253-028
FCI Gilmer
Federal Correctional Institution
P.O. Box 6000
Glenville, WV 26351