AO 247 (Rev. 03/19)   Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)          Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Indiana

|  |  |  |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| DARIAN TERRELL DOWDELL | ) | Case No:  1:14-cr-00237-JMS-KMB-02 |
|  | ) | USM No:  12253-028 |
| Date of Original Judgment: _____07/09/2015_____ | ) | |
| Date of Previous Amended Judgment: _____ | ) | Kenneth Riggins (prior) |
| *(Use Date of Last Amended Judgment if Any)* | | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of  ☑ the defendant  ☐ the Director of the Bureau of Prisons  ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .
*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED**.

Order Date: _____04/18/2024_____          _____
                                                            *Judge's signature*

Effective Date: _____          _____
            *(if different from order date)*                    *Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:14-cr-00237-JMS-KMB |
| | ) | |
| | ) | |
| DARIAN TERRELL DOWDELL (02), | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

Defendant Darian Dowdell has filed a Motion to Reduce Sentence based at least in part on USSC Amendment 821.[226].[1] Mr. Dowdell was convicted of multiple counts of robbery as well as one count of brandishing a firearm.[149] He received an aggregate sentence of 300 months. [Id.] He seeks a sentence modification on multiple grounds, including rehabilitation and perhaps changes to the guideline that addresses compassionate release. [226, 234][2] The Government has filed a Response in Opposition in which it asserts that Mr. Carruthers is ineligible for any Amendment 821 reduction because although Mr. Dowdell had no criminal history points, he used a firearm in an offense of conviction and indeed pled guilty to brandishing a firearm. [233].

---

[1] The Court appointed the Indiana Federal Community Defender to represent Mr. Davis. [227]. Counsel was later granted leave to withdraw. [230]. Mr. Davis was afforded an opportunity to supplement his petition following the withdrawal, which he did.[234].

[2] When he first filed his motion, Mr. Dowdell attached papers that referenced the 821 amendments as well as the guideline changes related to compassionate release. This entry addresses only the 821 grounds. [226 at 2-3]. To the extent Mr. Dowdell is seeking to file a renewed motion for compassionate release, he may file an additional motion using the form attached to this order. The Clerk is directed to forward a copy of the Court's motion for compassionate release form with this order to Mr. Dowdell.

As a general rule a sentence of imprisonment is "final." 18 U.S.C. § 3582(b). Thus, it "may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010). Dowdell's motion is based on 18 U.S.C. § 3582(c)(2). The Court has authority to modify a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2), if the defendant's guideline range has been lowered subsequent to his sentencing by an act of the United States Sentencing Commission. In determining whether a defendant is eligible for such relief, district courts are to employ a two-step analysis. *See Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010). At step one, the Court is to determine whether the defendant is eligible for resentencing and the extent of the reduction authorized. *Id.* at 827. In making this determination the Court must heed the binding instructions of the Sentencing Commission codified at U.S.S.G. § 1B1.10. *Id.* at 828-29. If the defendant is eligible for a reduction, the Court advances to the second step. At the second step, the Court considers any applicable § 3553(a) factors and determines whether, in the Court's discretion, the authorized reduction is warranted in whole or in part under the particular circumstances of the case. *Id.* at 827.

As to the step one analysis under *Dillon*, the Court agrees with the United States that Mr. Dowdell is ineligible for resentencing. In Part B to Amendment 821, the Sentencing Commission added what now appears in U.S.S.G. § 4C1.1(a), providing a two-offense level reduction for many offenders who have zero criminal history points (subject to several exceptions). In pertinent part, the adjustment applies if "the defendant did not receive any criminal history points from Chapter Four, Part A." U.S.S.G. § 4C1.1(a)(1).  It is true that Mr. Dowdell did not receive any criminal history points. [134 at 10]. That is not the end of the inquiry, however.

In order to be eligible for a two-offense level reduction Mr. Dowdell must meet all of the criteria of § 4C1.1, but he does not.   One criterion is that "the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm . . . in connection with the offense." U.S.S.G. § 4C1.1(a)(7).   But Dowdell possessed firearms in connection with the offense. [134 at ¶¶ 26, 32, 38.]  In fact, he was convicted of a firearms offense under § 924(c). [134].   He is therefore ineligible under Amendment 821. The Court therefore does not proceed to step two under *Dillon*.

For the foregoing reasons, Mr. Dowdell's Motion and Supplemental Motion to Reduce Sentence [226, 234] are **DENIED.**

IT IS SO ORDERED.

Date: 4/18/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

Matthew Rinka
UNITED STATES ATTORNEY'S OFFICE
matthew.rinka@usdoj.gov

Darian Dowdell
Register Number: 12253-028
FCI Gilmer
Federal Correctional Institution
P.O. Box 6000
Glenville, WV 26351