UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:14-cr-00237-JMS-KMB |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| DARIAN TERELL DOWDELL | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:14-cr-00237-JMS-KMB |
| | ) | |
| DARIAN TERELL DOWDELL, | ) -02 | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Darian Terell Dowdell has filed a Motion for Compassionate Release and an Amended Motion for Compassionate Release, seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). [Filing No. 236; Filing No. 243.] In addition, Mr. Dowdell has asked the Court to appoint counsel for him in connection with his motions. [Filing No. 240-1 at 4.] For the reasons explained below, his motions and his request for counsel are **DENIED**.[1]

### I.
### BACKGROUND

On June 30, 2015, Mr. Dowdell pled guilty to four counts of Interference With Interstate Commerce by Robbery in violation of 18 U.S.C. § 1951 and one count of Brandishing a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c). [Filing No. 144.] The offense conduct is summarized as follows:

---

[1] Mr. Dowdell has also filed a Motion to Supplement the Motion, in which he requests that the Court consider numerous letters of support from his fellow inmates and various Bureau of Prisons ("BOP") records in connection with his Motion for Compassionate Release and his Amended Motion for Compassionate Release. [Filing No. 245.] The Court **GRANTS** the Motion to Supplement the Motion to the extent that it has considered Mr. Dowdell's submissions and discusses them below.

2

Beginning November 25, 2013, and continuing through February 2014, there was a series of fourteen armed robberies of commercial establishments in the Indianapolis and Brownsburg, Indiana area. These armed robberies included five Speedway gas stations, five McDonald's restaurants, one Jack in the Box restaurant, one Little Caesars Pizza restaurant, one Starbucks coffee shop and one Steak n' Shake restaurant.

On February 5, 2014, Indianapolis Metropolitan Police Department (IMPD) officers were dispatched to a robbery at a Little Caesars Pizza located at 4851 North College Avenue. Upon arrival, law enforcement was informed by employees the restaurant had been robbed by three black males. The counter clerk and the on-site manager were interviewed and advised the suspects, who were armed and wearing masks, entered the front door and jumped the counter. One of the suspects held a gun to the counter clerk's head and demanded she relinquish her personal cell phone. The robbers ordered the manager to open the safe and retrieved cash from it and the register drawer before exiting through the rear door.

In the alley behind the business, law enforcement encountered a witness who observed three black males running from the restaurant and getting into a newer model black Honda. The witness provided the license plate number of the vehicle and permitted law enforcement to view video surveillance from their residence.

* * *

[After identifying the suspect vehicle and observing its occupants rob a Steak n' Shake restaurant], [t]he surveillance units attempted to apprehend the suspects, but they were able to enter the vehicle and flee the area. A high-speed chase ensued with marked police units…and undercover surveillance units. The pursuit proceeded westbound on Interstate 74 to the Pittsboro, Indiana exit. The suspect vehicle exited the interstate and the chase continued on county roads. The pursuit was terminated when the suspect vehicle failed to negotiate a turn at a T-intersection and crashed. The three suspects fled from the vehicle on foot and were ultimately captured. The suspects were identified as Armand Fuller, Darian Dowdell and Fletcher Greer.

At the scene of the accident, law enforcement re-traced the route the vehicle traveled and recovered two ski masks and two sets of gloves. A search of the vehicle revealed a loaded Intratec Tec-22 pistol and a flexible nylon cooler containing $37. When Greer was apprehended, law enforcement located $636 on his person and it was determined that money was taken from the Steak n' Shake.

Fuller confessed to committing the robbery at the Steak n' Shake on February 18th. He also confessed to possessing the Tec-22 with a curved magazine and using it as part of the robbery. Dowdell admitted to committing the robbery at the Steak n' Shake on…February 18th and the robbery of the Little Caesar's on February 5th. Dowdell confirmed that he and Fuller were accomplices and linked all three

3

>defendants to robberies in the Indianapolis metropolitan area dating back to November 29, 2013.

[Filing No. 134 at 4-6.]

On June 30, 2015, Mr. Dowdell pled guilty to all counts against him. [Filing No. 144.] The Court sentenced Mr. Dowdell to 300 months of imprisonment followed by 5 years of supervised release. [Filing No. 149 at 2-3.] The BOP currently reports Mr. Dowdell's anticipated release date (with good-conduct time included) as September 27, 2035. https://www.bop.gov/inmateloc/ (last visited January 24, 2025).

Mr. Dowdell has filed his Motion for Compassionate Release and his Amended Motion for Compassionate Release *pro se*. [Filing No. 236; Filing No. 243.] He contends in his original Motion for Compassionate Release that he demonstrates an extraordinary and compelling reason for compassionate release because his sentence is unusually long compared to the sentence he would likely receive if sentenced today. [Filing No. 236 at 4-7.] In his Amended Motion for Compassionate Release, he uses a form motion, again argues that his sentence is unusually long, and also checks a box stating that he is affected by an ongoing outbreak of infectious disease or an ongoing public health emergency and is at an increased risk of suffering severe medical complications or death. [Filing No. 243 at 4-6.] Additionally, in a "supplement" to his original Motion for Compassionate Release, Mr. Dowdell requests that the Court appoint counsel to assist him in connection with his Motion for Compassionate Release. [Filing No. 240-1 at 4.] The United States opposes the motions, [Filing No. 247], and Mr. Dowdell filed a reply, [Filing No. 251]. The motions are now ripe for the Court's consideration.

## II.
### DISCUSSION

#### A. Request for Counsel

Mr. Dowdell has requested the appointment of counsel to represent him in connection with his Motion for Compassionate Release and his Amended Motion for Compassionate Release. [Filing No. 240-1 at 4.] There is no statutory authority entitling a defendant to counsel when pursuing a compassionate release motion. *See United States v. Blake*, 986 F.3d 756 (7th Cir. 2021). Accordingly, Mr. Dowdell request for the appointment of the federal public defender's office is **DENIED**.

Because the Court is unable to appoint counsel, it *sua sponte* considers whether *pro bono* counsel should be recruited. The Court also finds that Mr. Dowdell is not entitled to the appointment of pro bono counsel. When addressing a request for pro bono counsel, "the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)).

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (holding that, because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Mr. Dowdell has not indicated whether he has attempted to contact any attorneys with requests for representation. Accordingly, the Court finds that he has not made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. *See Thomas*, 912 F.3d

at 978. As to the second question, the Court finds that Mr. Dowdell has adequately pled his motion without legal assistance and his *pro se* literacy is quite evident. For these reasons, Mr. Dowdell has not shown that pro bono counsel should be recruited and Mr. Dowdell's request for assistance with recruiting counsel must therefore be denied.

### B.  Compassionate Release

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i).

The Sentencing Commission has set forth the following considerations when evaluating a request for compassionate release: First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement"; and second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(1)(A) and (a)(2). If a court finds that extraordinary and compelling reasons exists and that the defendant is not a danger to the safety of any other person or to the community, it goes on to consider the sentencing factors in 18 U.S.C. § 3553(a), "to the extent that they are applicable." U.S.S.G. § 1B1.13(a).

The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately "[t]he movant bears the burden of establishing 'extraordinary and compelling

6

reasons' that warrant a sentence reduction," *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. See U.S.S.G. § 1B1.13 (Nov. 2023).

Mr. Dowdell argues that two extraordinary and compelling reasons exist here, and the Court addresses each in turn.

　　1.　*Unusually Long Sentence*

Mr. Dowdell contends that the disparity between his current sentence and the sentence he would likely receive today constitutes an extraordinary and compelling reason for his release. [*See* Filing No. 236; Filing No. 243.] He specifically relies on *United States v. Taylor*, 596 U.S. 845 (2022), arguing that courts no longer categorize his offenses as crimes of violence. [Filing No. 236 at 5-6; Filing No. 243 at 6.] On this basis, he contends that his 300-month sentence represents "a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion [was] filed." U.S.S.G. § 1B1.13(b)(6).

Putting aside the issue of whether the Sentencing Commission exceeded its authority in promulgating § 1B1.13(b)(6), the Court finds that Mr. Dowdell has not shown that he meets the requirements of this subsection in any event because he has not shown that a specific change in the law results in a "gross disparity" between the sentence he received and the sentence he would receive today. Specifically, the holding in *Taylor* applies solely to attempted Hobbs Act robberies. *Taylor*, 596 U.S. at 850-52. In contrast, Mr. Dowdell pled guilty to, and was sentenced for, four completed Hobbs Act robberies – not attempted Hobbs Act robberies. [Filing No. 144.] As the Government correctly notes, the Seventh Circuit has instructed that, since *Taylor*, completed Hobbs Act robberies remain classified as crimes of violence. *See United States v. Worthen*, 60

7

F.4th 1066, 1068-69 (7th Cir. 2023) ("We follow the course here and reiterate that the principal offense of Hobbs Act robbery qualifies as a crime of violence within the meaning of [18 U.S.C.] § 924(c)(3)(A)."). Consequently, the ruling in *Taylor* is inapplicable to Mr. Dowdell's case.

Additionally, Mr. Dowdell's 300-month sentence resulted from a negotiated plea agreement in which he pled guilty to four Hobbs Act robberies and one § 924(c) violation to avoid the Government pursuing additional charges, including three more § 924(c) violations. Had he been convicted of all potential charges, his mandatory minimum sentence would have exceeded 100 years, as pre-First Step Act § 924(c) convictions carried consecutive 25-year minimums for each subsequent count. The Government's decision to forego these additional charges significantly reduced his mandatory sentence, and Mr. Dowdell explicitly agreed to the 300-month term in exchange for these concessions. Mr. Dowdell's current motions disregard this agreement and the substantial benefit he received.

Furthermore, under the current sentencing scheme post-First Step Act, Mr. Dowdell could still face a mandatory minimum of 28 years for four separate § 924(c) violations alone, consecutive to the sentence for the Hobbs Act robberies. The Court agrees with the Government that Mr. Dowdell's sentence remains reasonable, prudent, and consistent with the statutory sentencing framework, and that no disparity exists. The length of Mr. Dowdell's sentence is not an extraordinary and compelling reason for compassionate release, whether considered alone or in conjunction with any other reason.

2. *Ongoing Public Health Emergency*

In his Amended Motion for Compassionate Release, filed using a form motion, Mr. Dowdell checks a box which states that his Amended Motion for Compassionate Release is based on the following extraordinary and compelling reason:

> I face the following circumstances – (1) I am housed at a correctional facility affected or at imminent risk of being affected by (a) an ongoing outbreak of infectious disease, or (b) an ongoing public health emergency declared by the appropriate federal, state, or local authority; (2) due to personal health risk factors and custodial status, I am at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency; and (3) such risk cannot be adequately mitigated in a timely manner.

[Filing No. 243 at 4.] In the space on the form motion asking Mr. Dowdell to "[p]lease explain below the basis for your request," Mr. Dowdell only discusses the length of his sentence and does not elaborate on his ongoing public health emergency argument. [*See* Filing No. 243 at 6.]

Mr. Dowdell has not provided any explanation regarding what infectious disease or public health emergency is ongoing at his facility, nor what health risks he faces. Merely checking the box relating to an ongoing public health emergency does not constitute an extraordinary and compelling reason for compassionate release, whether considered alone or in conjunction with any other reason.

The Court, in its discretion, finds that Mr. Dowdell has not carried his burden to show that there are extraordinary and compelling reasons for his release, whether considered alone or in conjunction with any other reason. In any event, even if the Court found that extraordinary and compelling reasons exist, it also finds that Mr. Dowdell is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2). Mr. Dowdell and his co-defendants participated in multiple armed robberies of businesses over the course of several months, while customers were present at the businesses. Their eventual arrest involved a high-speed chase which ended when their vehicle crashed and Mr. Dowdell and his co-defendants fled on foot. These circumstances indicate that Mr. Dowdell is a danger to the safety of any other person or to the community, making compassionate release unwarranted. The letters of support from his fellow inmates that Mr. Dowdell has submitted along with BOP records

reflecting his participation in various programming, [Filing No. 245-1 at 1-30], do not alleviate the Court's concerns. Moreover, the BOP records that Mr. Dowdell provided reflect that he has been disciplined while incarcerated for possession of drugs/alcohol, possession of a dangerous weapon, possession of an unauthorized item, and threatening bodily harm. [Filing No. 245-1 at 31-32.] This further supports the Court's finding that Mr. Dowdell is a danger to any other person or the community.

In sum, the Court finds that Mr. Dowdell has not presented extraordinary and compelling reasons to release him, whether considered alone or in conjunction with any other reason, and also finds that he is a danger to the safety of any other person or to the community. Given these determinations, the Court need not address whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### III.
### CONCLUSION

For the foregoing reasons, Mr. Dowdell's request for the appointment of counsel, [240-1 at 4], is **DENIED**, his Motion to Supplement Motion, [245], is **GRANTED**, his Motion for Compassionate Release, [236], is **DENIED**, and his Amended Motion for Compassionate Release, [243], is **DENIED**.

Date: 1/27/2025

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

**Distribution via United States Mail to:**

Darian Terell Dowdell
FCI Gilmer
Federal Correctional Institution
P.O. Box 6000
Glenville, WV 26351